UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ARTHUR E. GILLUM JR. (#266323)

VERSUS                                    CIVIL ACTION

HUNT CORRECTIONAL CENTER, ET AL           NUMBER 13-274-BAJ-SCR

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 3, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ARTHUR E. GILLUM JR. (#266323)

VERSUS                                    CIVIL ACTION

HUNT CORRECTIONAL CENTER, ET AL           NUMBER 13-274-BAJ-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Pro se plaintiff, an inmate currently confined at Winn Correctional Center, Winnfield, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Elayn Hunt Correctional Center, K. Lavigne, and unidentified doctor and an unidentified employee responsible for transferring medication.  Plaintiff alleged that the defendants were negligent in administering prescribed medication in violation of his constitutional rights.

For the reasons which follow, the plaintiff's complaint should be dismissed as frivolous.


**I. Background**

Plaintiff alleged that he arrived at Hunt Correctional Center on August 23, 2012 and was assigned to D1 Cell Block, Tier E, Cell 1.  Plaintiff alleged that while housed in this location he always received his prescribed medication.  Plaintiff alleged that on September 17, 2012, he was moved to B3, dormitory A.  Plaintiff alleged that his medication was not delivered between September 17

and 20.  Plaintiff alleged that on September 20 he asked Cadet K. Lavigne why he was not receiving his medication and he asked her to check his blood pressure.  Plaintiff alleged that she said she did not know why he had not received his medication and she refused to check his blood pressure.

Plaintiff alleged that on September 20 he went to a call out and his blood pressure was checked.  Plaintiff alleged that his blood pressure was elevated and he was examined by a physician. Plaintiff alleged that he was provided his medication after he told the treating physician that he had not been receiving his medication.  Plaintiff alleged that the next morning his medication was not delivered, but after he complained he was provided with his medication.  Plaintiff alleged that thereafter he received his medication.

Plaintiff alleged that Cadet Lavigne was negligent in providing his medication and in failing to check his blood pressure upon request.  Plaintiff alleged that the unidentified employee was negligent for failing to ensure that his medication was transferred to his new housing unit.  Finally, the plaintiff alleged that the unidentified doctor was negligent for failing to ensure that his medication was sent to him on September 21.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

2

(c) Dismissal.--(1) The court shall on its own
motion or on the motion of a party dismiss any
action brought with respect to prison conditions
under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail,
prison, or other correctional facility if the court
is satisfied that the action is frivolous,
malicious, fails to state a claim upon which relief
can be granted, or seeks monetary relief from a
defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).   A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Immunity**

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as

well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

### C. Negligence

Plaintiff alleged that Cadet Lavigne was negligent in providing his medication and in failing to check his blood pressure upon request. Plaintiff alleged that the unidentified employee was negligent for failing to ensure that his medication was transferred to his new housing unit. Finally, the plaintiff alleged that the unidentified doctor was negligent for failing to ensure that his medication was sent to him on September 21.

The due process clause is not implicated by a state official's

negligent act causing unintended injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Moreover, the plaintiff's allegation that he did not receive his medication for four days does not rise to the level of an Eighth Amendment violation. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmates health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*. Plaintiff did not allege any facts to suggest that any of the defendants knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Furthermore, although the plaintiff alleged that he experienced discomfort, he failed to allege that he was injured as a result of the defendants' alleged inactions.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), and without leave to amend because

there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, May 3, 2013.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE